UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN MARIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 95-2175 (PLF) |
| DEPARTMENT OF DEFENSE, et al. | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

The matters before the Court are plaintiff Melvin Marin's Motion to Reopen this case and his Motion for Relief from Judgment ("Mot.") [Dkt. 185]. Mr. Marin originally brought this action against several defendants including, among others, the Department of Defense, the Department of Education, the Department of the Army, and the Executive Office of the President. See Opinion (Mar. 31, 1998) at 2 [Dkt. 134]. "The gravamen of Mr. Marin's nine-count amended complaint against these defendants appear[ed] to involve the release of information pertaining to his military service and the correction of military records." Id. at 4. On March 31, 1998, this Court dismissed Mr. Marin's FOIA and Privacy Act claims without prejudice for failure to exhaust his administrative remedies. See Order (Mar. 31, 1998) at 1 [Dkt. 135]; see also Opinion at 7-8, 15.[1] Mr. Marin claims that the defendants have failed to respond to his subsequent requests, but he has offered no evidence to support his claim. He asks

---

[1] Other claims, not relevant here, were dismissed with prejudice, see Opinion at 10-11, 13-15, and the Privacy Act claim itself was later dismissed with prejudice, see Opinion (Oct. 23, 1998) at 5 [Dkt. 170].

this Court to reopen this case and seeks relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Mot. at 2.

A party must file a Rule 60(b) motion within a reasonable time.  FED. R. CIV. P. 60(c)(1).  "The definition of a 'reasonable time' varies with the circumstances, and a court must balance the interests of justice and the sanctity of final judgments in determining whether a delay is 'reasonable.'"  Carvajal v. DEA, et al., 286 F.R.D. 23, 26 (D.D.C. 2012).  "However, a delay of several years has been found permissible [only] when [the] plaintiff bore no fault for the delay and filed the motion as soon as feasible."  Id. at 27.  Mr. Marin filed this motion 19 years after the entry of the judgment, and he has presented no compelling reasons for such a delay.  The Court therefore will deny his motion to reopen this case and his motion for relief from judgment.

Accordingly, it is hereby

ORDERED that plaintiff's motion to reopen this case [Dkt. 185] is DENIED; and it is

FURTHER ORDERED that plaintiff's motion for relief from judgment [Dkt. 185] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 29, 2017